UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v

QUINCY ROSS WRIGHT,

       Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,
UNCLAIMED PROPERTY,

       Garnishee.
_____/

Case No. 2:24-mc-51195

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING DEFENDANT'S CLAIM OF EXEMPTIONS (ECF No. 5) AND ENTERING FINAL ORDER OF CONTINUING GARNISHMENT**

This matter comes before the Court on Defendant Quincy Ross Wright's Claim of Exemptions, ECF No. 5, and the United States' Response in Opposition to Defendant's Claim of Exemptions, ECF No. 6. A virtual hearing was held on March 12, 2025. *See* ECF No. 8. As explained below, Defendant's claim of exemptions will be denied and a final order of continuing garnishment will be entered.

I.

In June 2001, Defendant was sentenced to 97 months of imprisonment and two years of supervised release after pleading guilty to bank robbery. *United States*

*v. Wright*, Case No. 00-cr-81036-01, ECF No. 18 (June 14, 2001). Defendant was also ordered to pay $8,519.00 in criminal monetary penalties. *Id.* Defendant was incarcerated in the Federal Bureau of Prisons until December 2010, during which time he paid $4,606.34 toward his criminal monetary penalties. ECF No. 6 at PageID.41. In 2016, Defendant was sentenced in state court for armed robbery charges, for which he is currently incarcerated by the Michigan Department of corrections, and his earliest potential release date is in April 2026. *Id.*

In October 2024, the United States requested a Writ of Continuing Garnishment ("Writ") for funds belonging to or being held on behalf of Defendant with the Michigan Department of Treasury. ECF No. 1. The Writ was issued and served on all parties on October 10, 2024. ECF No. 2. In November 2024, the Michigan Department of Treasury filed its answer disclosing that it held approximately $1,719.56 in miscellaneous outstanding checks, on behalf of Defendant.  ECF No. 4. Nine days later, Defendant filed a form "Claim of Exemption(s)" requesting a hearing. ECF No. 5. Defendant requested a hearing because "according to your form, I'm exempt from this at least some or all of it." *Id.* at PageID.33. Defendant did not specify which exemptions he was attempting to claim, *see id.*, so a hearing was scheduled for March 12, 2025, *see* ECF No. 8.

## II.

Under the Federal Debt Collection Procedures Act (FDCPA), the United States may satisfy a judgment by issuing "a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." 28 U.S.C. § 3205. The United States may garnish all property except that which is specifically exempt from a levy. § 3613(a)(1); 26 U.S.C. § 6334; *see also United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334.").

"A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption." *United States v. Daneshvar*, No. 2:21-MC-51623, 2022 WL 17826499, at *2 (E.D. Mich. Aug. 9, 2022), report and recommendation adopted, No. 21-51623, 2022 WL 17828356 (E.D. Mich. Sept. 19, 2022) (citing *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996)).

## III.

Before the March 12, 2025 hearing, it was not clear what specific exemptions Defendant was attempting to claim. *See* ECF No. 5 at PageID.33 ("According to

your form, I'm exempt from this at least some or all of it."). But at the hearing, Defendant identified three exemptions he believed applied.

First, Defendant argued the money should be exempt from garnishment under 26 U.S.C. §§ 6334(a)(2) & (g) because they were fuel, provisions, furniture, and personal effects that do not exceed $11,390.00. But that statutory exemption does not apply here, because the subject property is *cash*.

Second, Defendant argued that the money should be exempt from garnishment as wages, salary, and other income under 26 U.S.C. § 6334(a)(9). But this statutory exemption does not apply in criminal cases.

Finally, Defendant argued that the money should be exempt from garnishment under 26 U.S.C. § 6334(a)(5) because it should be considered undelivered mail. But, again, the property the Government is seeking to garnish is not undelivered mail, but *cash* held by the State of Michigan. Accordingly, this statutory exemption does not apply either.

In sum, none of the statutory exemptions apply here. So, for the reasons explained above and stated on the record at the March 12, 2025 hearing, Defendant's claim of exemptions, ECF No. 5, will be denied and a final writ of continuing garnishment will be entered.

### IV.

Accordingly, it is **ORDERED** that:

1. The Garnishee, the Michigan Department of Treasury, shall immediately make payable to the Clerk of the Court, 100% of the property in which the Defendant Judgment-Debtor, Quincy Ross Wright, has an interest;

2. The Garnishee, the Michigan Department of Treasury, shall remit said funds to the United States, made payable to the "Clerk of the Court (USDC – EDMI)," at Theodore Levin U.S. Courthouse, Attn: Financial, 231 W. Lafayette Blvd., Rm 599, Detroit, MI 48226;

3. This order shall remain in effect until (1) the debt imposed in this case is paid in full; (2) the Garnishee, the Michigan Department of Treasury, no longer has custody, possession or control of any property belonging to Defendant-Judgment Debtor, Quincy Ross Wright; or (3) further Order of the Court; and

4. The Clerk of the Court shall disburse these funds in accordance with the provisions of the judgment entered in case number 00-cr-81036-01.

**IT IS SO ORDERED**.

**This is a final order and closes this case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 13, 2025